# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 31, 2011

Lyle W. Cayce
Clerk

No. 10-50633
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERBY CARO-ALARCON, also known as Derby Alarcon-Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-3214-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges

PER CURIAM:[*]

The attorney appointed to represent Derby Caro-Alarcon ("Caro") has moved for leave to withdraw and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Caro has filed a response. Our independent review of the record, counsel's brief, and Caro's response discloses no nonfrivolous issue for appeal.

Caro identifies four appealable issues in his response to the *Anders* brief. We conclude that each is without merit. First, for the purpose of preserving the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue for possible Supreme Court review, he argues that the continuing validity of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), is questionable in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). As Caro acknowledges, this argument is foreclosed by binding Circuit precedent and does not present a nonfrivolous issue for appeal. *See, e.g.*, *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

Next, Caro argues that the district court should have applied amendment 742 to the United States Sentencing Guidelines, which eliminated recency points under § 4A1.1(e). However, amendment 742 took effect on November 1, 2010, and Caro was sentenced on June 22, 2010. The district court was required to apply the version of the Guidelines that was in effect on the date Caro was sentenced, *see* 18 U.S.C. § 3553(a)(4)(ii), and amendment 742 has not been made retroactively applicable, *see* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c) (2010). The district court did not err by including recency points in Caro's criminal-history score.

Third, Caro argues that the district court should have applied amendment 740 to the Guidelines, which authorizes a downward departure under § 2L1.2 on the basis of cultural assimilation. Amendment 740 also took effect on November 1, 2010, and it, too, is not retroactive. Plus, it applies only to defendants who "formed cultural ties primarily with the United States from having resided continuously in the United States from childhood," U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. n.8 (2010), and the PSR reflects that Caro did not come to the United States until he was eighteen years old. In addition, Caro's attorney pressed a cultural assimilation argument at the sentencing hearing (albeit without relying on amendment 740). The district court did not abuse its discretion by rejecting that argument: "While cultural assimilation *may* be considered as a mitigating factor, there is no requirement that a sentencing court *must* accord it dispositive weight." *United States v. Lopez-Veleasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (per curiam) (internal citation omitted).

No. 10-50633

Finally, Caro's response can be liberally construed to contend that his attorney rendered constitutionally ineffective assistance of counsel by failing to ask the district court to apply amendments 740 and 742. But where, as here, the defendant did not raise his ineffective-assistance-of-counsel claim before the district court, we will decline to consider that claim on direct appeal, leaving it instead to be resolved in an § 2255 proceeding. *See Massaro v. United States*, 538 U.S. 500, 504–06 (2003); *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008) (per curiam).

Therefore, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2.